UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Case No. 13-42112

   Paul R. Dmitruk,                                       Chapter 7

         Debtor.

**MEMORANDUM OPINION AND ORDER**

At Minneapolis, Minnesota, June 10, 2014.

The court held a hearing on the chapter 7 trustee's motion objecting to claimed exempt property on June 4, 2014.

Alyssa Troje appeared on behalf of the chapter 7 trustee, Julia Christians. Mark Ferkul appeared on behalf of the debtor.

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and § 134, Fed. R. Bankr. P. 7056 and 6001, and Local Rule 1070-1.

The court grants the motion in part and denies the motion in part.

**FACTS**

The debtor filed for chapter 7 protection on April 26, 2013, and received a discharge on August 5, 2013. The debtor chose to use the Minnesota exemptions. On April 14, 2014, the debtor amended his schedule B to include:

(1) 50% of his 2012 state property tax refund - $1,265.00;

(2) 50% of his estimated 2013 state property tax refund - $1,265.00;

(3) 2013 federal tax refund from the Federal Earned Income Credit - $6,044.00;

(4) 2013 federal tax refund from the Federal Additional Child Tax Credit - $1,768.00;

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/10/2014*
Lori Vosejpka, Clerk, by LH

(5) 2013 state tax refund from the State Working Family Credit - $1,343.00; and

(6) 2013 state tax refund from the K-12 Education Credit - $1,357.00.

The debtor also amended his schedule C to exempt the above tax refunds under Minn. Stat. § 550.37, subd. 14. The chapter 7 trustee filed this motion objecting to the exemptions for the tax refunds.

At the time he filed for bankruptcy, the debtor, his spouse, and his three minor children lived on his $1,250.00 monthly income and $900.00 monthly food stamp allowance.

## MEMORANDUM

The trustee first objects to the exemption of all of the debtor's tax refunds because the debtor failed to list the refunds on his original schedules. Under Rule 1009(a) of the Federal Rules of Bankruptcy Procedure, a debtor may amend schedules at any time prior to the closing of a case. The two recognized exceptions to this rule are (1) bad faith on the part of the debtor or (2) prejudice to creditors. *In re Kaelin*, 308 F.3d 885, 889 (8th Cir. 2002). Here, the trustee makes no allegations of bad faith in her motion or at the hearing. While the trustee states that creditors relied upon the representations of the debtor in the original schedules, the trustee does not allege prejudice to creditors and provides no evidence of prejudicial harm. Thus, grounds do not exist to deny the debtor's claimed exemption in his tax refunds solely based on the debtor's late amendment of his schedules.

Next, the trustee specifically objects to the debtor's exemption of the (1) state property tax refunds, (2) federal tax refund from the Federal Additional Child Tax Credit, and (3) state tax

2

refund from the K-12 Education Credit.[1] The debtor attempts to exempt these refunds under Minn. Stat. 550.37, subd. 14. Section 550.37, subd. 14, states:

> All government assistance based on need, and the earnings or salary of a person who is a recipient of government assistance based on need, shall be exempt from all claims of creditors including any contractual setoff or security interest asserted by a financial institution. For the purposes of this chapter, government assistance based on need includes but is not limited to Minnesota family investment program, general assistance medical care, Supplemental Security Income, medical assistance, MinnesotaCare, payment of Medicare part B premiums or receipt of part D extra help, MFIP diversionary work program, work participation cash benefit, Minnesota supplemental assistance, emergency Minnesota supplemental assistance, general assistance, emergency general assistance, emergency assistance or county crisis funds, energy or fuel assistance, and food support. . . .

While tax refunds are not included among the enumerated categories of "government assistance based on need," the list is not exclusive. Consequently, the court must determine whether the (1) property tax refunds, (2) federal tax refunds from the Federal Child Credit, and (3) state tax refunds from the K-12 Education Credit qualify as "government assistance based on need." When making this determination, the court must construe the Minnesota exemption liberally in favor of the debtor and in light of the purpose of the exemption. *Andersen v. Ries (In re Andersen)*, 259 B.R. 687, 690 (B.A.P. 8th Cir. 2001).

I.    **State Property Tax Refunds**

The debtor amended his schedule C to include exemptions for his 2012 and 2013 state property tax refunds under Minn. Stat. § 550.37, subd. 14, citing *In re Johnson* as justification. No. 13-41370 (Bankr. D. Minn. 2013), ECF No. 25. In *Johnson*, Judge Ridgway found that property tax refunds qualified as "government assistance based on need."

*Johnson* was reversed by the Eighth Circuit Bankruptcy Appellate Panel. *In re Johnson*, 509 B.R. 213 (B.A.P. 8th Cir. 2014). The B.A.P. held that property tax refunds are not

---

[1] The trustee did not specifically object to the Federal Earned Income Credit or the State Working Family Credit.

"government assistance based on need." *Id.* First, the B.A.P. found that Minnesota property tax refunds are available to people earning more than $100,000.00 (and in some cases to people with unlimited income), which was inconsistent with the other programs listed in Minn. Stat. 550.37, subd. 14, that "provide direct payments or subsidies to address the basic economic needs of low-income recipients." *Id.* at 219 (quoting *Burnes v. Einess*, No. 62-CV-10-11323, 2011 WL 5829323 (Minn. Ct. App. 2011)). Second, the B.A.P. was concerned that defining property tax refunds as "government assistance based on need" would allow anyone to exempt the property tax refund from a collection action by a creditor for six months. *Id.*[2]

At the hearing in this case, the debtor conceded that a property tax refund was not exempt under Minn. Stat. 550.37, subd. 14, based on the B.A.P.'s decision in *Johnson*.

In light of the debtor's concession and the B.A.P.'s ruling in *Johnson*, the court holds that the debtor may not claim an exemption for the 2012 and 2013 state property tax refunds under Minn. Stat. § 550.37, subd. 14, because the state property tax refunds are not "government assistance based on need."

## II.     Federal Additional Child Tax Credit

In the debtor's amended schedules, the debtor also lists his refund from the Federal Additional Child Tax Credit exempt under Minn. Stat. § 550.37, subd. 14.

Similar to the state property tax refund dispute, the Eighth Circuit B.A.P. recently issued an opinion dealing with the Federal Additional Child Tax Credit. *In re Hardy*, 503 B.R. 722 (B.A.P. 8th Cir. 2013). In *Hardy*, the B.A.P. concluded that the Federal Additional Child Tax Credit did not qualify as a "public assistance benefit" under Missouri law because the credit is

---

[2] The debtor also cites two other Minnesota bankruptcy cases that allowed an exemption for the state property tax refunds under Minn. Stat. 550.37, subd. 14 . *In re Slennes*, No. 07-50801 (Bankr. D. Minn. Aug. 8, 2008), ECF No. 35; *In re Padilla*, No. 13-32834 (Bankr. D. Minn. Sept. 16, 2013), ECF No. 16. Both of these cases were decided prior to *Johnson*.

available to high-income individuals (up to $75,000.00 for individuals and $110,000.00 for married individuals). *Id.* at 725. Here, the debtor attempts to distinguish *Hardy* in his objection by arguing that Missouri's "public assistance benefit" is different from Minnesota's "government assistance based on need." However, the B.A.P. in *Johnson* held that "'[g]overnment assistance,' as used in the Minnesota Statute, is, for all practical purposes, the same as 'public assistance' used in the Missouri statute." *In re Johnson*, 509 B.R. at 218.

At the hearing, the debtor also conceded that, based on the B.A.P.'s decisions in *Hardy* and *Johnson*, the Federal Additional Child Tax Credit would not qualify for an exemption under Minn. Stat. § 550.37, subd. 14.

Consequently, the court again agrees with the B.A.P.'s analysis and holds that the Federal Additional Child Tax Credit is not "government assistance based on need" for the purposes of Minn. Stat. § 550.37, subd. 14.

### III.  K-12 Education Credit

The remaining exemption at issue is the debtor's claimed Minnesota's K-12 Education Credit exemption. Neither the debtor nor the trustee provides precedent that specifically addresses Minnesota's K-12 Education Credit or similar K-12 education credits in other states. The court was also unable to find cases on point. Because of the lack of case law, the parties compare the K-12 Education Credit with different refunds/credits.

The debtor argues that the K-12 Education Credit closely resembles the federal Earned Income Credit and Minnesota's Working Family Credit, citing *In re Tomczyk*. 295 B.R. 894 (Bankr. D. Minn. 2003). In that case, the bankruptcy court found that both credits qualified as "relief based on need" under the prior version of Minn. Stat. § 550.37, subd. 14. *In re Tomczyk*,

295 B.R. at 897.[3] The trustee contends that the K-12 Education Credit is comparable to the state property tax refunds and the Federal Additional Child Tax Credit. As noted above, the Eighth Circuit B.A.P. determined that neither qualified as "government assistance based on need."

The court agrees with the debtor. The K-12 Education Credit features strong similarities with the Earned Income Credit and Minnesota's Working Family Credit, especially under the bankruptcy court's analysis in *Tomczyk*. The trustee attempts to distinguish the Earned Income Credit by arguing that it does not require an individual to take any action to receive the credit. That is not the case. "A person must work and earn some income in order to receive [the Earned Income Credit]." *In re Tomzcyk*, 295 B.R. at 896. In the same way, an individual must have a qualifying child and education-related expenses in order to receive the K-12 Education Credit. The *Tomczyk* court reached its conclusion based on the purpose behind the two credits, which was to "*provide relief for low income families*." Also, there was no requirement for federal income taxes to be paid in order to receive the credit. 295 B.R. at 897 (citing *Sorenson v. Sec. of Treasury*, 475 U.S. 851, 864 (1986)). Here, the statute infers that the purpose of the K-12 Education Credit is to provide assistance to low-income families. The credit includes an income-based phase-out when income exceeds $33,500.00. Minn. Stat. § 290.0674, subd. 1-2. This income cap is in line with the federal poverty guidelines.[4] Furthermore, Minn. Stat. § 290.0679

---

[3] In 2009, the Minnesota Legislature replaced "relief based on need" with "government assistance based on need," which does not change "the substantive thrust of the statute." *In re Johnson*, 509 B.R. at 216.

[4] With the exception of a family with one parent and one child, the income restrictions of the K-12 Education Credit are less than 200% of the HHS Poverty Guidelines for 2014. *Compare* Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593 (Jan. 22, 2014) *and 2014 Poverty Guidelines*, Dept. of Health and Human Services (2014) *available at* http://www.medicaid.gov/Medicaid-CHIP-Program-Information/By-Topics/Eligibility/Downloads/2014-Federal-Poverty-level-charts.pdf *with Household Income for the K-12 Education Credit*, Minnesota Department of Revenue (2014), http://www.revenue.state.mn.us/individuals/individ_income/Pages/Household_Income_for_the_K-12_Education_Credit.aspx.

allows an assignment of the refund from the credit so that "[l]ow-income families with perhaps only small amounts of disposable income and savings will use the loans to obtain education-related products and services in anticipation of qualifying for the tax credit when they file their tax returns in the following year." Nina Manzi & Lisa Larson, *Income Tax Deductions and Credits for Public and Nonpublic Education in Minnesota*, House Research Department (September 2011) *available at* http://www.house.leg.state.mn.us/ hrd/pubs/educcred.pdf. This is consistent with the other programs listed in Minn. Stat. § 550.37, subd. 14, which "provide direct payments or subsidies to address the basic economic needs of low-income recipients." *Burns*, 2011 WL 5829323, at *5 (Minn. Ct. App. Nov. 21, 2011). Similar to the Earned Income Credit, there is no requirement that state income taxes be paid in order to receive the credit, so the K-12 Education Credit is not a true tax credit. Minn. Stat. § 290.0674, subd. 4. Because the K-12 Education Credit is paid as a refund when no taxes are paid, it is not a true refund. *In re Tomczyk*, 295 B.R. at 896.

Next, the K-12 Education Credit significantly differs from a state property tax refund and the Additional Child Tax Credit because of the low-income limits. The Eighth Circuit B.A.P.'s opinions in *Hardy* and *Johnson* both focused on the lack of income restrictions for people to receive property tax refunds and the credit (individuals making over $75,000.00 could receive a state property tax refund and the Additional Child Tax Credit). *In re Hardy*, 503 B.R. at 722; *In re Johnson*, 509 B.R. at 213. Here, the K-12 Education Credit establishes a maximum household income of $37,500.00, which only increases after the second child at a rate of $2,000.00 per child.[5]

---

[5] This rate of increase is less than the $4,060.00 increase per family member under the 2014 Poverty Guidelines. Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593 (Jan. 22, 2014).

In *Johnson*, the B.A.P. also focused on the additional language in Minn. Stat. § 550.37, subd. 14, that restricts collection efforts for six months after an individual receives "government assistance based on need." *In re Johnson*, 509 B.R. at 219. The B.A.P. was concerned that "any person (regardless of income)" receiving a refund would be exempt from collection action. *Id.* Here, the income restrictions of the K-12 Education Credit alleviate that concern. Due to the inclusion of the income-based phase-out, preventing high-income individuals from receiving the credit, and the ability for individuals to receive the credit regardless of tax liability, the K-12 Education Credit is distinguishable from the state property tax refunds and the Federal Additional Child Tax Credit.

The K-12 Education Credit is more similar to the Earned Income Credit than the property tax refunds and Additional Child Tax Credit. The court therefore finds that the K-34 Education Credit is "government assistance based on need." Pursuant to Minn. Stat. § 550.37, subd. 14, the exemption attributed to the K-12 Education Credit is allowed.

## CONCLUSION

The debtor concedes that he is not entitled to an exemption for his state property tax refunds or for his Federal Additional Child Credit based on Eighth Circuit B.A.P. opinions in *Hardy* and *Johnson*. However, the debtor is entitled to an exemption for the K-12 Education Credit because the credit qualifies as "government assistance based on need."

**IT IS ORDERED:**

1. The debtor's claim of exemption for 50% of the 2012 state property tax refund, amounting to $1,265.00, is denied.

2. The debtor's claim of exemption for 50% of the 2013 state property tax refund, amounting to $1,265.00, is denied.

3. The debtor's claim of exemption for the tax refund attributable to the Federal Earned Income Credit, amounting to $6,044.00, is allowed.

4. The debtor's claim of exemption for the tax refund attributable to the Federal Additional Child Tax Credit, amounting to $1,768.00, is denied.

5. The debtor's claim of exemption for the tax refund attributable to the State Working Family Credit, amounting to $1,343.00, is allowed0

6. The debtor's claim of exemption for the tax refund attributable to the Minnesota K-12 Education Credit, amounting to $1,357.00, is allowed.

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
United States Bankruptcy Judge